UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN

ROOSEVELT L. WILLIAMS,

        Plaintiff,

v.

CRAIG LONG, et al.,

        Defendants.

_____/

Case No.    1:26-cv-718

Hon. Hala Y. Jarbou
Chief U.S. District Judge

## REPORT AND RECOMMENDATION

### I.  Introduction

*Pro se* Plaintiff Roosevelt Lashawn Williams filed his complaint on March 4, 2026.   Williams brings claims under 42 U.S.C. § 1983 against Battle Creek Police Cpl. Craig Long, Sgt. Champlin, the Battle Creek Police Department, and private citizen Amber Lamott.   Williams asserts that Defendants violated his Fourth, Fourteenth, and Fifth Amendment rights when Cpl. Long and Sgt. Champlin responded to an allegedly false police report by Amber Lamott.   Williams's Complaint also asserts Michigan state law claims.

The Court granted Williams leave to proceed *in forma pauperis* on March 6, 2026.

### II. Factual Allegations

It should be noted that Williams's Complaint is not entirely clear.   The Complaint indicates that Williams is a sex offender and that he is required to comply

1

with residential registration requirements.   Williams asserts "from time to time" he would stay at an apartment located in Battle Creek, MI leased by an unnamed individual.   ECF No. 1, PageID.8.   Williams alleges that Amber Lamott reported to the police that Williams was living at the Battle Creek apartment — which is not the address that corresponded to his sex offender registry.   *Id.*, PageID.7.   Sgt. Champlin and Cpl. Long responded to Lamott's report on February 18, 2026.   *Id.* Williams claims that a police officer notified the apartment landlord that Williams was "publicly listed as LIVING at the apartment."   *Id.*, PageID.8.   Williams asserts that this notification led to the unnamed apartment tenant receiving a lease violation for an unauthorized occupant.   *Id.*

## III.    Standard of Law

Under 28 U.S.C. § 1915(e)(2)(B), the court must dismiss any action brought *in forma pauperis* if the action is (1) frivolous or malicious; (2) fails to state a claim on which relief may be granted; or (3) seeks monetary relief against a defendant who is immune from such relief.

A complaint may be dismissed for failure to state a claim if it fails "to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Cpl. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)).   While a complaint need not contain detailed factual allegations, a plaintiff's allegations must include more than labels and conclusions.   *Id.*   The court must determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face."   *Id.* at 570.   "A claim has facial plausibility

when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).   Although the plausibility standard is not equivalent to a "probability requirement, . . . it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* at 678 (quoting *Twombly*, 550 U.S. at 556).

In addition, the Court must read Plaintiff's *pro se* complaint indulgently, see *Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible.   *Denton v. Hernandez*, 504 U.S. 25, 33 (1992).

### IV.   Analysis

#### A.  Jurisdiction and Standing

"As courts of limited jurisdiction, federal courts may exercise only those powers authorized by the Constitution and statute."   *Fisher v. Peters*, 249 F.3d 433, 444 (6th Cir. 2001).   Federal courts have an on-going obligation to examine whether they have subject-matter jurisdiction over an action and may raise the issue *sua sponte*. *Hertz Cpl. v. Friend*, 559 U.S. 77, 94 (2010); *Arbaugh v. Y&H Cpl.*, 546 U.S. 500, 506 (2006).   This Court has original subject matter jurisdiction over actions that involve "federal questions" that arise under the Constitution, federal law, or treaties of the United States.   28 U.S.C. § 1331.   Ultimately, the plaintiff bears the burden of establishing that this Court has jurisdiction.   *Peterson v. City of Grand Rapids*, 182 F. Supp. 3d 750, 753 (W.D. Mich. 2016) (citing *RMI Titanium Co. v. Westinghouse Elec. Cpl.*, 78 F.3d 1125, 1134 (6th Cir.1996)).

First, Williams asserts a landlord-tenant dispute under the guise of constitutional violations.    Williams Complaint states that Defendants alleged conduct led to an unauthorized lease violation.    Thus, this is a contract issue and this Court lacks jurisdiction.

Furthermore, assuming a claim exists at all, Williams lacks standing because he has not identified an injury in fact.    For a plaintiff to invoke federal jurisdiction to bring suit in the federal courts, he must demonstrate standing.    *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561–62 (1992); *Lynch v. Leis*, 382 F.3d 642, 647 (6th Cir. 2004).    Standing is central to the "case-or-controversy" requirement associated with Article III of the Constitution.    *Spokeo, Inc. v. Robins*, 578 U.S. 330, 338 (2016).    Plaintiff has the burden of demonstrating that he (1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that the injury is likely to be redressed by a favorable decision.    *Id.*    An injury in fact is a harm suffered by a plaintiff that (1) concrete and particularized and (2) not conjectural or hypothetical.    *Nader v. Blackwell*, 545 F.3d 459, 471 (6th Cir. 2008).

Traceability requires "a causal connection between the injury and the conduct complained of" and that the conduct not be a result of "the independent action of some third party."    *Lujan*, 504 U.S. at 560.    (internal quotation marks omitted).    And for an injury to be redressable, it must be "likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision."    *Id.* at 561 (internal quotation marks omitted).

4

Here, Williams claims that the tenant of the apartment in Battle Creek received an unauthorized occupant lease violation:

- On the Twentieth Day of February, in the Year of Our LORD, Two Thousand Twenty-Six, the tenant of 5269 Skyview Ln. Apt 9 Battle Creek Mi, 4905 received a e-mail titled as "Teal Run Lease Violation-Unauthorized **OCCUPANT**" from Stephanie Bake of the rental property , notifying her that a police officer had Stephanie Bake that Roosevelt is publicly listed as LIVING at the apartment and that the lease would not be renewed, to which the lease states visitors cannot stay more than 7 days. (See EXHIBIT (A) E-Mail from Stephanie Bake"

ECF No. 1, PageID.8.  Williams asserts only an injury suffered by a non-party. Williams does not identify any concrete and particularized injury that he personally suffered due to Defendants' conduct.

Accordingly, the Complaint does not include what is required to state a federal cause of action that can invoke this Court's jurisdiction.

### B. Conclusory Allegations

Alternatively, Williams's claims against Defendants are conclusory.  It is a basic pleading essential that a plaintiff attribute factual allegations to particular defendants.  *See Twombly*, 550 U.S. at 545 (holding that, to state a claim, a plaintiff must make sufficient allegations to give a defendant fair notice of the claim). The Sixth Circuit "has consistently held that damage claims against government officials arising from alleged violations of constitutional rights must allege, with particularity, facts that demonstrate what each defendant did to violate the asserted constitutional right." *Lanman v. Hinson*, 529 F.3d 673, 684 (6th Cir. 2008) (citing *Terrance v. Northville Reg'l Psych. Hosp.*, 286 F.3d 834, 842 (6th Cir. 2002)).

Where a person is named as a defendant without an allegation of specific conduct, the complaint is subject to dismissal, even under the liberal construction

afforded to *pro se* complaints.    *See Frazier v. Michigan*, 41 F. App'x 762, 764 (6th Cir. 2002) (dismissing the plaintiff's claims where the complaint did not allege with any degree of specificity which of the named defendants were personally involved in or responsible for each alleged violation of rights); *Griffin v. Montgomery*, No. 00-3402, 2000 WL 1800569, at *2 (6th Cir. Nov. 30, 2000) (requiring allegations of personal involvement against each defendant) (citing *Salehpour v. Univ. of Tenn.*, 159 F.3d 199, 206 (6th Cir. 1998)); *Rodriguez v. Jabe*, No. 90-1010, 1990 WL 82722, at *1 (6th Cir. June 19, 1990) ("Plaintiff's claims against those individuals are without a basis in law as the complaint is totally devoid of allegations as to them which would suggest their involvement in the events leading to his injuries.").

In his Complaint, Williams makes a conclusory statement that Defendants violated his Fourth, Fourteenth, and Fifth Amendment rights, in addition to Michigan state law claims.    ECF No. 1, PageID. 11-13.    Williams does not state with a sufficient degree of specificity how each Defendant was personally involved or responsible for each alleged violation.

Because Plaintiff's allegations fall far short of the minimal pleading standards under Fed. R. Civ. P. 8 (requiring "a short and plain statement of the claim showing that the pleader is entitled to relief"), it is recommended that the Court dismiss this Complaint.

## IV.    Recommendation

For the reasons stated above, the undersigned respectfully recommends that the Court dismiss Williams's Complaint because this Court lacks subject matter

jurisdiction, or alternatively, because Plaintiff's allegations fall short of the minimal pleading standards.

Dated:    March 11, 2026                    /s/ *Maarten Vermaat*
                                            MAARTEN VERMAAT
                                            U.S. MAGISTRATE JUDGE

**NOTICE TO PARTIES**

Any objections to this Report and Recommendation must be filed and served within fourteen days of service of this notice on you.   28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b).   All objections and responses to objections are governed by W.D. Mich. LCivR 72.3(b).   Failure to file timely objections may constitute a waiver of any further right of appeal.   *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981); *see Thomas v. Arn*, 474 U.S. 140 (1985).