UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ROOSEVELT LASHAWN WILLIAMS,

     Plaintiff,

                                      Case No. 1:26-cv-718

v.

                                      Hon. Hala Y. Jarbou

CRAIG LONG, et al.,

     Defendants.

_____/

## ORDER

Plaintiff Roosevelt Lashawn Williams, proceeding pro se, brings this lawsuit under 42 U.S.C. § 1983 and state law against the Battle Creek Police Department, two of its officers, and a private individual.  Before the Court is Magistrate Judge Maarten Vermaat's report and recommendation (R&R) that Plaintiff's complaint be dismissed for lack of standing and failure to state a claim (ECF No. 6).  Plaintiff has filed objections to the R&R (ECF No. 7).  Under Rule 72 of the Federal Rules of Civil Procedure, "the district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to."  Fed. R. Civ. P. 72(b)(3).  For the reasons explained below, the Court will sustain in part and overrule in part the objections, adopt the disposition recommended by the R&R, and dismiss the case.

The gravamen of Plaintiff's complaint is that Defendant Amber Lamott falsely informed the Battle Creek Police Department that Plaintiff was living at an apartment in Battle Creek that was leased to another individual.  (*See* Compl., ECF No. 1, PageID.8.)  That apartment's address differed from the address that Plaintiff, who is a registered sex offender, had reported to the police as his home address.  (*See id.*, PageID.25.)  Based on Lamott's allegedly false statement, the Battle Creek Police contacted the landlord who owned the apartment at issue; the landlord, in turn, told

the tenant that she would not renew their lease and that Plaintiff was not allowed to stay at the apartment.  (*See id.*, PageID.8.)  Plaintiff alleges that Defendants' actions violated his right to be free from search and seizure under the Fourth Amendment and the Michigan Constitution; his right to be free from unlawful takings under the Fifth Amendment; and his right to due process under the Fourteenth Amendment and the Michigan Constitution.  He also alleges that Defendants committed the tort of malicious prosecution and violated the Privacy Act of 1974, as well as various criminal statutes.

The magistrate judge recommended that the Court dismiss Plaintiff's claims because he did not sufficiently allege an injury from Defendants' actions that would confer standing, and because his allegations are not specific enough to state a claim against any Defendant.  In response, Plaintiff notes that he alleged in his complaint that he had been operating a business out of the Battle Creek apartment at issue, and that Defendants' actions prevented him from continuing to operate the business.  The Court agrees that this is an injury sufficient to confer standing.  However, as discussed below, even if Plaintiff has alleged standing, he has still failed to state a federal claim.

Although Plaintiff points to several federal constitutional provisions, he has not stated a claim under any.  "The Fourth Amendment provides in relevant part that '[t]he right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated.'"  *United States v. Jones*, 565 U.S. 400, 404 (2012).  Plaintiff does not state a Fourth Amendment claim because he does not allege that the Battle Creek Police searched or seized any of his property.  Plaintiff argues that "[f]orcing a person out of their home" can constitute a seizure (Compl., PageID.15), but he has not alleged that he was forced from his home; indeed, he takes great pains to emphasize that he was *not* living at the apartment at issue. Plaintiff also asserts a claim for malicious prosecution, which is cognizable under the Fourth

Amendment, but such a claim is inapplicable here because Plaintiff has not alleged that he was prosecuted.  *See Sykes v. Anderson*, 625 F.3d 294, 308 (6th Cir. 2010).

Next, the Fifth Amendment's "Takings Clause provides that 'private property [shall not] be taken for public use, without just compensation.'" *Slaybaugh v. Rutherford County*, 114 F.4th 593, 596 (6th Cir. 2024) (alteration in original).  A taking occurs when the government "infringe[s] on the [plaintiff's] legally cognizable property interests." *Id.* at 597.  Plaintiff provides no legal basis for the suggestion that he possessed a property interest in the operation of a business in someone else's apartment, or was even legally authorized to operate the business.  Finally, "[t]he Due Process Clause of the Fourteenth Amendment provides: '[N]or shall any State deprive any person of life, liberty, or property, without due process of law.'" *Daniels v. Williams*, 474 U.S. 327, 331 (1986).  Plaintiff does not allege that he was deprived of life, liberty, or property.  As noted, Plaintiff has not established any property interest in his ability to operate a business in someone else's apartment.  And though he argues that the right to "earn a living" is a liberty interest (Pl.'s Objs. 7, ECF No. 7), he does not explain how preventing him from staying at another person's apartment violated that right.  In sum, Plaintiff does not state a federal constitutional claim.

Nor does Plaintiff state a claim for violation of any federal statute.  The Privacy Act, 5 U.S.C. § 552a, "applies exclusively to federal agencies," so neither the Battle Creek Police Department nor a private individual can violate it.  *Schmitt v. City of Detroit*, 395 F.3d 327, 331 (6th Cir. 2005).  Plaintiff also cites various federal criminal statutes that Defendants allegedly violated, including 18 U.S.C. § 1001 (making false statements in a matter under federal jurisdiction), 18 U.S.C. § 1621 (perjury), and 18 U.S.C. § 242 (deprivation of federal rights).  But "criminal statutes cannot be used to sustain [a] civil complaint," and "[t]his Court does not have

jurisdiction to order that a criminal complaint be filed." *Walker v. Hastings*, No. CIV. 09-CV-074-ART, 2009 WL 2914402, at *4 (E.D. Ky. Sept. 4, 2009).

Finally, Plaintiff brings state law claims for malicious prosecution and violations of Michigan's Constitution.  But having dismissed Plaintiff's federal claims, the Court will decline to exercise supplemental jurisdiction over his state law claims.  *See* 28 U.S.C. § 1367(c)(3); *Moon v. Harrison Piping Supply,* 465 F.3d 719, 728 (6th Cir. 2006).

Accordingly,

**IT IS ORDERED** that Plaintiff's objections (ECF No. 7) are **SUSTAINED IN PART** and **OVERRULED IN PART**.  The Court agrees that Plaintiff has standing to sue, but finds that he has not stated a federal claim.

**IT IS FURTHER ORDERED** that the R&R (ECF No. 6) is **APPROVED** as to its recommendation that the Court dismiss the federal claims for failure to state a claim.

**IT IS FURTHER ORDERED** that Plaintiff's federal claims are **DISMISSED WITHOUT PREJUDICE** for failure to state a claim.

**IT IS FURTHER ORDERED** that Plaintiff's state law claims are **DISMISSED WITHOUT PREJUDICE** because the Court declines to exercise supplemental jurisdiction over them.

**IT IS FURTHER ORDERED** that the Court **CERTIFIES** that an appeal of this order would not be taken in good faith.  28 U.S.C. § 1915(a)(3).

A judgment will issue in accordance with this order.

Dated: March 27, 2026                      /s/ Hala Y. Jarbou
                                           HALA Y. JARBOU
                                           CHIEF UNITED STATES DISTRICT JUDGE